UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liliana De Los Angeles CORTES OCHOA,<br><br>                              Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  26-cv-2284-AGS-DEB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (ECF 12)** |

Petitioner Liliana Cortes Ochoa asks this Court to reconsider its earlier denial of her petition for a writ of habeas corpus. Reconsideration is an "extraordinary remedy," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), that "should be used sparingly," *Bennett v. United States*, No. 23-cv-01140-BAS-BLM, 2025 WL 745870, at *2 (S.D. Cal. Feb. 13, 2025). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *See School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The moving party bears a "heavy burden" to justify "reconsideration of a court's prior order." *Inventist, Inc. v. Ninebot Inc.*, 664 F. Supp. 3d 1211, 1215 (W.D. Wash. 2023).

Cortes Ochoa's sole argument is that, due to delays outside of her control, the Court did not receive her traverse before issuing judgment. She contends that "[d]enying reconsideration under these circumstances would result in manifest injustice." (ECF 12, at 2.) Yet Cortes Ochoa has not met the high burden of establishing any clear error or manifest injustice. Clear error occurs when, "on the entire record, the Court is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (cleaned up). Nothing in the traverse suggests that

1

this Court's prior ruling was unjust or wrong. In her habeas petition, Cortes Ochoa bore the burden of establishing that she was "in custody in violation of the Constitution or laws . . . of the United States." *See* 28 U.S.C. § 2241(a), (c)(3). But her detention is not only lawful, but required. As an "alien" stopped at the border upon "arriving in the United States," the relevant statute mandates that she "shall be detained" during her removal or asylum proceedings. 8 U.S.C. § 1225(b)(2)(A). Thus, until the consideration of her asylum petition is complete, including the pending appeal, she must be kept in custody. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. . . . Until that point, however, nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.").

Petitioner's motion for reconsideration is therefore **DENIED**.

Dated:  June 18, 2026

_____
Hon. Andrew G. Schopler
United States District Judge